UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JUAN HUMBERTO CASTILLO ALVAREZ,

         Plaintiff,

v.

SHERRY E. HALEY,
acting as Jackson County Attorney,

         Defendant.

Civil No. 10-4263 (PAM/JJG)

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Jackson County Jail in Jackson, Minnesota, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.)  Plaintiff did not pay the $350 filing fee for this action when he filed his complaint, (see 28 U.S.C. § 1914(a)), but instead applied for leave to proceed in forma pauperis, ("IFP").  (Docket No. 2.)  By order dated October 25, 2010, (Docket No. 3), Plaintiff was advised that he would not be granted IFP status, and his case would not go forward, until after he filed an amended IFP application with the prisoner trust account information required by 28 U.S.C. § 1915(a)(2), and he paid an initial partial filing fee in accordance with the formula set forth at 28 U.S.C. § 1915(b)(1).

In response to the Court's prior order, Plaintiff filed an amended IFP application, (Docket No. 4), and he later paid the initial partial filing fee required by § 1915(b)(1), (Docket Nos. 5 and 6).  Thus, the matter is now properly before the Court for the purpose of determining whether Plaintiff's amended IFP application should be granted, and whether he should be allowed to continue to prosecute this action.

The matter has been referred to this Court for initial screening pursuant to

28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons discussed below, the Court finds that the named Defendant is legally immune from the claims presented in Plaintiff's complaint.  Therefore, this action must be dismissed pursuant to § 1915A(b).

**I.     BACKGROUND**

Plaintiff alleges that in 2006 he was extradited from Mexico to Iowa to face murder charges pending against him in that state.  According to the complaint, Plaintiff was found guilty in his subsequent Iowa criminal case, but his conviction was overturned on appeal, because the State did not comply with the Constitution's "speedy trial" requirement.

Shortly after Plaintiff's Iowa case was resolved, new criminal charges allegedly were brought against him by the County Attorney for Jackson County, Minnesota.  Those charges were voluntarily dismissed, but on March 4, 2009, Defendant Sherry E. Haley, "acting as Jackson County Attorney," allegedly brought new criminal charges against Plaintiff.  (Complaint, [Docket No. 1], Attachment, p. 2. ¶ 11.)  Plaintiff allegedly was charged with two counts of murder, and one count of kidnaping.  (Id.)

In the present action, Plaintiff is attempting to sue Defendant for violating his constitutional rights.  Plaintiff claims that Defendant has violated the Constitution's double jeopardy clause, by bringing new charges against him in Jackson County.  Plaintiff also is attempting to sue Defendant for "malicious prosecution" because of the criminal charges she has brought against him.

The "Relief" section of Plaintiff's complaint indicates that he is seeking "a payment in award for malicious prosecution."  He is also seeking a judgment that would

cause the pending criminal charges against him to be dismissed.

## II.  DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a governmental employee, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A.[1]  That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental agencies and employees "before docketing, if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A(a).  The court must determine which aspects of the pleading are actionable and should be allowed to proceed.  If a prisoner-plaintiff has failed to plead a claim on which relief can be granted, or if the named defendants are immune from being sued, the action must be summarily dismissed.  28 U.S.C. § 1915A(b).  In this case, the Court finds that Plaintiff's complaint must be summarily dismissed, in its entirety, because the only named Defendant is legally immune from the claims that Plaintiff is attempting to bring against her.

It is well settled that state prosecutors are immune from civil rights claims that are based on actions taken in the performance of their prosecutorial duties.  Van De Kamp v. Goldstein, 129 S.Ct. 855, 860 (2009); Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976); Patterson v. Von Riesen, 999 F.2d 1235, 1237 (8th Cir. 1993); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam), cert. denied, 506 U.S. 1053 (1993).  Prosecutorial immunity specifically applies to all acts or omissions by a prosecutor "in initiating a prosecution and in presenting the State's case."  Imbler,

---

[1]  A jail inmate who is facing pending criminal charges is considered to be a "prisoner" for purposes of § 1915A.  See 28 U.S.C. § 1915A(c).

424 U.S. at 431.  "If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir.), cert. denied, 519 U.S. 867 (1996).

It is readily apparent that Defendant is absolutely immune from Plaintiff's current lawsuit by reason of prosecutorial immunity.  Plaintiff is attempting to sue Defendant for acts that she allegedly performed while prosecuting state criminal charges against Plaintiff.  Because Defendant is being sued for purely prosecutorial activities, she is clearly entitled to prosecutorial immunity in this case.  See id. ("[a]bsolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); see also Van de Kamp, 129 S.Ct. at 861 ("we have held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding"); Nivens v. Gilchrist, 444 F.3d 237, 250 (4th Cir. 2006) (prosecutor could not be sued for allegedly violating plaintiff's constitutional protection from double jeopardy, because prosecutor was entitled to absolute immunity).

In sum, the Court finds that the only named Defendant in this action is wholly immune from Plaintiff's lawsuit because of prosecutorial immunity.[2]  Therefore, this case must be dismissed pursuant to 28 U.S.C. § 1915A(b).

Because Plaintiff has not stated any viable claim in his complaint, his amended

---

[2] The caption of Plaintiff's complaint indicates that Sherry E. Haley is the only Defendant in this case.  The "Parties" section of the complaint lists "Roger R. Hawkinson acting as Jackson County Sheriff" as an "additional defendant," but nothing else in the complaint suggests that Plaintiff is attempting to sue anyone other than Defendant Haley.  In any event, Plaintiff certainly has not pleaded any actionable claim for relief against "Roger R. Hawkinson acting as Jackson County Sheriff," because the complaint does not describe anything that he did, or failed to do, that could cause him to be liable to Plaintiff.  In fact, Roger R. Hawkinson is never even mentioned in the "Statement of Claim" section of the complaint.

4

application for leave to proceed IFP must be denied. See 28 U.S.C. § 1915(e)(2)(B)(iii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[3] To date, he has paid only $18.00, so he still owes $332.00. Jail officials will have to deduct that amount from Plaintiff's institutional trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

### III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's amended application to proceed in forma pauperis, (Docket No. 4), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b); and

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $332.00, in accordance with 28 U.S.C. § 1915(b)(2).

Dated: February 9, 2011          s/ *Jeanne J. Graham*
                                          JEANNE J. GRAHAM
                                          United States Magistrate Judge

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **February 25, 2011**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.